## H. TODD *v.* J. B. KIRBY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—887.]

**Contract of Sale.**

> Where under the provisions of a contract of sale it is provided that in the event of the failure of the purchaser to keep up his payments the seller might take possession upon paying for improvements made and refunding the purchase-money paid, it is held before tendering such payments he is entitled to have the chancellor refer the question to a commissioner to determine the value of such improvements.

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

April 12, 1883.

OPINION BY JUDGE PRYOR:

We are not able to state from what is found in the pleadings that the Walker contract was before the court, but whether so or not, construing the contract between Kirby, McLane and Walker on the one side and the appellant on the other, the appellant was compelled to pay for the improvements made as well as refund the purchase-money paid by the appellees to Reid before he was entitled to the possession. The only ground on which a chancellor could take cog-

nizance of the case was upon the allegation in regard to the forfeiture by reason of the nonpayment before the lease expired. By the terms of the contract if the money paid by the appellees to Reid, as well as the value of the improvements made by the appellees, was not repaid by the expiration of the lease the right to redeem was forfeited. Therefore if the appellant was ready to comply, or was in court with his money to refund, the chancellor would have compelled the appellees to receive it. It is true he tenders no money into court, and does not show himself in any condition to repay to the appellees the expenditures made by them under the contract; yet if he had been in court with the money how could the chancellor have fixed the value of the improvements made, without the aid of a commissioner. Appellant could only offer to pay what the improvements were worth, but he was not the arbiter of the amount to be paid. The contract was forfeited by its terms if not paid for by the time the lease terminated, and to protect himself from a provision that he could not comply with until the value of the improvements were known or agreed upon he has called on the chancellor to refer the case to a commissioner that he may know what amount he is required to pay.

Appellant insists by an amended petition that the Walker contract gave him the right to pay for the improvements or permit the parties to remove them, while on the other hand the appellees say that he was to pay for them. The appellees have possession of the Walker contract, and the chancellor, interpreting that contract by the provisions of the contract called a sale between the appellee and appellant, has by sustaining the demurrer determined in effect that the appellant was to pay for the improvements as well as refund the money paid Reid, and if so the case ought to have been given to a commissioner to determine what the improvements were worth. The appellees are in the possession and can not be compelled to surrender until the appellant complies with his contract, and to enable him to comply he wants a settlement that he may know the extent of his indebtedness. This in our opinion gives the jurisdiction and makes a cause of action.

Judgment is therefore *reversed* and cause remanded with directions to permit the amended petition to be filed, and the case should then go to the commissioner.

*C. F. & A. R. Burnam, for appellant.*

*W. O. Bradley, for appellees.*